IN THE UNITED STATES DISTRICT COURT, WESTERN DIVISION OF TEXAS
DEL RIO DIVISION

FILED

JAN 2 6 2015

CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| V. | ) |
| | ) |
| ROLANDO MENCHACA | ) Case No. DR-11-CR-2197 |
| | ) |

**DR15CA010**

## BRIEF IN SUPPORT OF MOTION TO SET ASIDE, OR CORRECT A SENTENCE UNDER 28 U.S.C. § 2255

Comes Now, the pro se Defendant and offers the following in support of his Motion To Set Aside, Or Correct A Sentence Under 28 U.S.C. § 2255:

Defendant was sentenced in the Del Rio Division of the Western District of Texas to a term of imprisonment of 240 months for distribution of marijuana (1,000 kilograms or more) in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(a) and 846.

Defendant is bringing this Motion To Set Aside, Or Correct A Sentence Under 28 U.S.C. § 2255 seeking the Court to correct his sentence. As a basis for this Motion, the Defendant alleges that he received ineffective assistance of counsel and that he was actually innocent of distributing the cocaine that was used against him in his pre-sentence investigation and sentencing. By his counsel withdrawing Defendant's objections (without Defendant's consent and against his wishes), he made an error so serious that he was not functioning as counsel guaranteed by the Sixth Amendment.

In it's statement of facts, the Government alleged that Defendant was in possession of 200 kilograms of cocaine that was to be smuggled into the United States from Mexico. The Government concedes that none of the cocaine was shipped to the United States by Defendant. However, the Government uses the conversion table found in the "Drug Quanity Table" to convert the cocaine to it's marijuana equivalency and increased Defendant's drug quanity by 40,000 kilograms of marijuana.

The Government also alleged that during an interview of a confidential source, that the source stated that approximately four loads of cocaine were shipped by Defendant's pilot with each load consisting of approximately 200 kilograms for a total of 800 kilograms of cocaine. Again using the conversion table, the Government added an additional 160,000 kilograms of marijuana to Defendant's drug quanity.

When Defendant discovered that the Government was alleging that he participated in the transportation and distribution of cocaine, he strongly denied this to his attorney. In fact, none of his Co-Defendants agreed that they had transported or distributed cocaine on behalf of Defendant. In fact, his Co-Defendants expressly deny any involvement by the Defendant in the transportation or distribution of cocaine. At this point, Defendant's trail counsel prepared objections to the cocaine being added to Defendant's drug quanity at the request of the Defendant. Defendant never consented to the withdrawal of his objections, and in fact directed his counsel to object to these untrue accusations. However, Defendant's counsel did withdraw his objection at the sentencing hearing; thus preventing the Court to properly consider evidence of the Defendant showing he had no involvement in the business of cocaine. As a result of counsel's withdrawal, Defendant was sentenced based upon an additional 200,000 kilograms of marijuana that he in fact had no part of. As such, Defendant's base offense level was improperly increased from 36 to 38.

As a result of the wrongful addition of 200,000 kilograms, the Defendant's guideline range was computated as follows:

Base Offense Level: 38

"Stash House" Adjustment: +2

"Leadership" Adjustment: +4

Adjusted Offense Level:   44

Adjustment for Acceptance of Responsibility: -3

Adjustment for "Substantial Assistance": -4

Adjusted Offense Level: 37

This offense level carried a guideline range of 210 - 262 months and Defendant was given a sentence of 240 months.

However, Defendant should have been sentenced based upon a drug quanity of 10,669 kilograms of marijuana as follows:

Base Offense Level: 36

"Stash House" Adjustment: +2

"Leadership" Adjustment: +4

Adjusted Offense Level: 42

Adjustment for Acceptance of Responsibility: -3

Adjustment for "Substantial Assistance": -4

Adjusted Offense Level: 35

By using the proper computation, Defendant would have a guideline range of 168 - 210 months, which is substantially less than his current sentence of 240 months.

WHEREFORE PREMISES CONSIDERED, Defendant requests this Honorable to enter an Order re-sentencing Defendant within the proper guideline range of 168 - 210 months.

Submitted this the 21 day of January, 2015

Rolando Menchaca

-- EXHIBIT A --

I, Xavier Cisneros, being over the age of 19 and of sound mind do hereby state the following:

From 2006 through 2007 I briefly worked for Rolando Menchaca in the business of transporting and distributing marijuana. In my capacity, I organized the receipt of all shipments of marijuana from Jamie Rodgriguez Perez on behalf of Rolando Menchaca. I never participated in any transaction involving cocaine. Further, if Rolando Menchaca had been involved in the transportation or distribution of cocaine during my time with his organization, I would have known.

I, Xavier Cisneros, do hereby declare under penalty of perjury that the aforementioned is true and correct.


_Xavier Cisneros_        12/19/14
Xavier Cisneros          Date

-- EXHIBIT B --

I, Michael R. Ballesteros, being over the age of 19 and of sound mind do hereby state the following:

During the time that I worked for Jaime Rodriguez Perez, I was really close to him. I was aware that he had worked for Rolando Menchaca in the marijuana business. I never dealt, received orders, or made a cocaine transaction in the presence, knowledge, or consent of Rolando Menchaca. As a matter of fact I knew by being close to my boss that Rolando Menchaca never dealt with cocaine only marijuana. If Rolando Menchaca had been involved in the transportation or distribution of cocaine, I would have known.

I.Michael R. Ballesteros, do hereby declare under penalty of perjury that the aforementioned is true and correct.

_____          12-14-14
Michael R. Ballesteros                    Date