UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | | |
|---|---|---|
| ROLANDO MENCHACA, | * | |
|     Petitioner, | * | |
| | * | |
| v. | * | Civil No. DR-15-CV-10-AM |
| | * | Criminal No. DR-11-CR-2197-AM |
| UNITED STATES OF AMERICA, | * | |
|     Respondent. | * | |

**GOVERNMENT'S RESPONSE TO MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY**

Comes now the United States of America, by and through the undersigned Assistant United States Attorney and files this its response to Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a person in Federal Custody, and states that Petitioner's Motion should in all things be denied.

**I. PROCEDURAL HISTORY**

On May 24, 2012, Petitioner pled guilty with a plea agreement to Count One of the Indictment, which charged Conspiracy to Possess with Intent to Distribute Marijuana. Docket Entry 114, *United States v. Menchaca*, DR-11-CR-2197 (1) (W.D.Tex. 2012) (ECF114). The Honorable Alia Moses accepted the plea agreement on December 2, 2013 during the sentencing hearing. Sent. Tr. at 11, Docket Entry 224, *Menchaca,* DR-11-CR-2197(1) (W.D.Tex. 2011). On December 3, 2013, Petitioner was sentenced to 240 months of imprisonment, a five year term of supervised release, a $5,000 fine, a $100 special assessment, and the defendant was required to forfeit certain properties and monies. Sent. Tr. at 16-22, Docket Entry 187, *Menchaca,* DR-11-CR-2197(1) (W.D.Tex. 2011). Judgment became final on February 7, 2014. Docket Entry 197, *Menchaca,* DR-11-CR-2197(1) (W.D.Tex. 2011). Petitioner did not file a notice of appeal. On

January 26, 2015, Petitioner filed his Motion to Vacate, Set Aside, Or Correct Sentence in Cause Number DR11-CR-2197(1) under 28 U.S.C. § 2255. Docket Entry 239, *Menchaca,* DR-11-CR-2197(1) (W.D.Tex 2011).

Mr. Gregory Torres was Petitioner's counsel of record for this case, announcing his representation orally in open court on December 20, 2011. Docket Entry 34, *Menchaca,* DR-11-CR-2197(1) (W.D.Tex. 2011). Mr. Torres represented Petitioner until Petitioner was committed to the United States Bureau of Prisons on the December 2, 2013. *See Menchaca,* DR-11-CR-2197(1) (W.D.Tex 2011). Petitioner filed his §2255 motion *Pro Se*. *Id*.

## II. STATEMENT OF ISSUES

In his petition, Petitioner cites two grounds for relief: 1) that Mr. Torres was ineffective by withdrawing Defendant's objections to the Pre-Sentence Report (PSR) against Petitioner's instructions, and 2) that Petitioner was actually innocent of the conduct described in the aforementioned paragraphs of the PSR. Petitioner's Motion at 3. However, construed liberally as required by *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Government reads the sum of Petitioner's motion as essentially a two prong complaint regarding a single point of error, namely, ineffective assistance of counsel. Petitioner alleges that, 1) defense counsel Torres withdrew defense objections to the PSR against the instructions and wishes of Petitioner, and 2) if not for the withdrawal of those objections, Petitioner would have received a lower sentence under the United States Sentencing Guidelines (USSG). Petr's. Brief in Support, 1-3, Docket Entry 240, *Menchaca,*, DR-11-CR-2197(1), (W.D.Tex. 2011).

Specifically, Petitioner claims that defense counsel Torres withdrew Defendant's objections to paragraphs 23, 26, 32, and 33 of the PSR without the consent and against the instructions of Petitioner. *Id* at 1. These paragraphs describe Petitioner's relevant conduct

involving the transportation of cocaine during the conspiracy of which Petitioner was adjudicated guilty. Pre-Sent. Report at 9-12, Docket Entry 134, *Menchaca,* DR-11-CR-2197(1) (W.D.Tex. 2011). Paragraphs 26 and 27 describe the trafficking of a total amount of cocaine of 1,000 kilograms, which was converted into 200,000 kilograms of marijuana for sentencing purposes. *Id.* The total amount of marijuana Petitioner was held accountable for was 210,669 kilograms, giving Petitioner a Base Offense Level of 38 under § 2D1.1(a)(5) of the 2011 edition of the U.S.S.G. *Id*. Petitioner alleges that he was actually innocent of any allegations in the PSR regarding cocaine, and that the Court improperly considered this relevant conduct when assessing Petitioner's sentence following defense counsel Torres' withdrawal of Petitioner's objection to the PSR. Petr's Mot. at 3. Accordingly, Petitioner claims that he should have been held accountable only for 10,669 kilograms of marijuana, giving Petitioner a Base Offense Level of 36 under § 2D1.1(a)(5) of the 2011 edition of the U.S.S.G. Petr's Brief in Support at 3, Docket Entry 240, *Menchaca,* DR-11-CR-2197(1) (W.D.Tex. 2011).

### III. ARGUMENT AND AUTHORITIES

#### A. *Summary of Arguments*

All of Petitioner's allegations are without merit. As explained in greater detail below, Petitioner supports none of his filing with any factual grounding or legal basis. First, the record from Petitioner's sentencing hearing and the Mr. Torres' affidavit directly contradict Petitioner's assertion that defense counsel Torres withdrew defense's objections to the PSR against Petitioner's instruction. Second, even assuming *arguendo* that Mr. Torres withdrew his objection against Petitioner's instructions, this decision was a conscious and informed decision related to trial strategy. Finally, even if Mr. Torres had not withdrawn the objections to the PSR, Petitioner has failed to show that there is a reasonable probability that, but for Mr. Torres' action,

Petitioner would have received a lower sentence. Accordingly, Petitioner's motion should be dismissed without a hearing.

### B.  Title 28 U.S.C. § 2255, Generally

Title 28 U.S.C. § 2255 provides relief for a federal prisoner who can establish that either: 1) his sentence was imposed in violation of the Constitution or laws of the United States; 2) the sentencing court was without jurisdiction to impose the sentence; 3) the sentence was in excess of the maximum authorized by law; or 4) the sentence is otherwise subject to collateral attack. *United States v. Palcente*, 81 F.3d 555, 558 (5th Cir. 1996); *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995); and 28 U.S.C. § 2255 (2012).  The Fifth Circuit has repeatedly held that a convicted criminal defendant may not raise an issue, regardless of whether constitutional or jurisdictional in nature, for the first time in a 28 U.S.C. § 2255 motion without showing both "cause" and "actual prejudice" resulting from the error. *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996); *United States v. Acklen*, 47 F.3d 739, 741-42 (5th Cir. 1995).  Section 2255 is "reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been asserted on direct appeal, and would, if condoned, result in a complete miscarriage of justice." *United States v. Smith*, 844 F.2d 203, 205-06 (5th Cir. 1998).

One of the few claims that the Fifth Circuit recognizes as satisfying the "cause" and "actual prejudice" standard is proof of ineffective assistance of counsel by Title 28 U.S.C. § 2255, trial or appellate representation. *Gaudet*, 81 F.3d at 589; *Acklen*, 47 F.3d at 741-42.  The constitutional standard for determining whether a criminal defendant has been denied the effective assistance of counsel, as guaranteed by the Sixth Amendment, was stated by the Supreme Court in *Strickland v. Washington*:

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components.  First, the

> defendant must show that counsel's performance was <u>deficient</u>. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance <u>prejudiced</u> the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. 668, 687 (1984)(emphasis added). The reviewing court's review of habeas petitions alleging ineffective assistance of counsel is limited to "whether there was manifest deficiency in light of information then available to counsel." *Premo v. Moore*, 131 S.Ct. 733, 741 (2011). Incorporated into such a review is a strong presumption of effectiveness in counsel's performance. *Strickland*, 466 U.S. at 689. Too, deference is owed to counsel: "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* at 691.

*1. Petitioner's claim is not supported by the record.*

Petitioner alleges that Mr. Torres was ineffective because he withdrew Petitioner's objections to Paragraphs 23, 26, 32, and 33 of the PSR against the instruction of Petitioner. Petr's Mot. at 3. This assertion is wholly unsupported by the record and Mr. Torres' affidavit.

On December 2, 2013, Petitioner appeared before the Honorable District Judge Alia Moses for sentencing after pleading guilty to Count 1 of the Indictment on May 24, 2012. Docket Entries 115 & 224, *Menchaca,* DR-11-CR-2197(1) (W.D.Tex. 2011). During this hearing Judge Moses asked Petitioner if he had sufficient time to fully review the Presentence Report with Mr. Torres, and Petitioner affirmed under oath that he had. Sent. Tr. at 3. Mr. Torres further affirmed that he had the opportunity to fully discuss the PSR with Petitioner. *Id*. The Court then asked Mr. Torres if there were any remaining objections, and Mr. Torres replied that the defense had no

further objections, and that they were withdrawing the objections previously filed. *Id*. Additionally, after adopting the legal and factual conclusions of the PSR, the Court gave Petitioner the chance to speak, and Petitioner did not make any further objections, corrections, amendments, or additions to the PSR or the findings of the Court. *Id*. at 5. Further, Petitioner went so far to apologize to the court for his actions, after being given the opportunity to speak. *Id*. Before the Court made its final findings and pronounced sentence, Petitioner was given the opportunity to speak once more, and Petitioner asserted no further objections, corrections, amendments, or additions to the PSR. *Id*. at 15.

The affidavit from Petitioner's trial counsel, Mr. Gregory Torres, further contradicts Petitioner's assertion that Mr. Torres withdrew Defense's objections to the PSR against the wishes of this client. In his sworn affidavit Mr. Torres affirms that he discussed the withdrawal of the objections with his client on multiple occasions, and that Petitioner specifically authorized Mr. Torres to withdraw the objections. Respondent's Exhibit 1, *Affidavit* of Mr. Gregory Torres, October 20, 2015.

Allegations "contradicted by the record," cannot serve as the basis for a successful § 2255 action. *United States v. Ferez*, 1998 U.S. App. LEXIS 40080 at *2 (5th Cir. 1998) (Citing *United States v. Fishel*, 747 F.2d 271, 273 (5th Cir. 1984)). Additionally, a Petitioner generally may not refute his sworn testimony given under oath at a plea or sentencing hearing. *See United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998). "Solemn declarations in open court carry a strong presumption of verity, forming a formidable barrier in any subsequent collateral proceeding." *Id*. (citing *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977)(internal quotation marks omitted). In this case, Petitioner's allegations that he did not authorize Mr. Torres to withdraw his guilty plea are plainly contradicted by the record.

During the plea hearing the Court directly asked Petitioner if he had reviewed the PSR with his attorney, and gave Petitioner more than one opportunity to make any objections to the PSR prior to the Court announcing its findings and pronouncing sentence. Sent. Tr. at 5 & 15 Petitioner's statements, or lack thereof, clearly indicate that Petitioner was informed that Mr. Torres intended to withdraw his objections to the PSR, and that Petitioner acquiesced to the withdrawal. This finding from the record is further corroborated by Mr. Torres' sworn affidavit wherein he discussed the withdrawal of the pre-sentence objections with Petitioner on several occasions, and that Petitioner authorized him to withdraw them. Resp't. Ex. 1.

Because Petitioner's assertions are directly contradicted by the record and Mr. Torres's affidavit, Petitioner has failed to show that Mr. Torres' performance was deficient, and Petitioner has failed to show that he was prejudiced by such performance as required by *Strickland*. Additionally, A petitioner is not entitled to a hearing merely by filing a petition under § 2255, nor is a hearing necessary when a petitioner makes allegations "clearly contradicted by the record." *United States v. Guerra*, 588 F.2d 519, 520-521 (5th Cir. 1979). Accordingly, the Court should deny Petitioner's motion without a hearing.

> 2. *The decision to withdraw the pre-sentence objections was sound trial strategy.*

Even assuming *arguendo* that Petitioner did not authorize Mr. Torres to withdraw the objections to the PSR, Petitioner's claim that Mr. Torres was ineffective because he withdrew the PSR objections is without merit because Mr. Torres' decision to withdraw the objection was a conscious and informed decision relating to trial strategy.

"A conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *Richards v. Quarterman*, 566 F.3d 553, 567 (5th Cir. 2009);

*Pape v. Thaler*, 645 F.3d 281, 291 (5th Cir. 2011). However, courts do not have to condone unreasonable decisions masked as trial strategy. *Richards*, 566 F.3d at 564. The decision to withdraw an objection to a PSR is a strategic one, and whether that decision amounts to ineffective assistance should be analyzed under the standard in *Richards* and *Pape*. *See Holstein v. United States*, 2015 U.S. Dist. LEXIS 43933 at *57 (N.D. Tex. Mar. 17, 2015).

In this case, the record and Mr. Torres' affidavit show that the decision to withdraw the objections to the PSR was a conscious and informed decision, which clearly did not permeate the proceeding with obvious unfairness.

On August 8, 2013, the Government filed a motion for downward departure pursuant to U.S.S.G. § 5K1.1, asserting that Petitioner should receive a four level reduction in offense level due to his substantial assistance to the Government in the investigation and prosecution of co-conspirators. A court generally only considers a downward departure in sentencing pursuant to § 5K1.1 upon a motion from the government. U.S.S.G. § 5K1.1. Additionally, in assessing whether a defendant should receive a downward departure the court may consider "the truthfulness, completeness, and reliability of any information or testimony provided by the defendant." U.S.S.G § 5K1.1(a)(2). In this case, the sentencing hearing record indicates that Mr. Torres considered these factors in making the strategic decision to withdraw the objections to the PSR.

During a bench conference where the Court inquired into the reasons for the Government's motion pursuant to § 5K1.1, Mr. Torres alluded to the fact that he was withdrawing his objections to the PSR because of the opportunity to receive a downward departure. *See* Sent. Tr. at 7. After a bench conference the Court made revised findings, granting the government's motion for downward departure, and found an Adjusted Offense Level of 37.

*Id*. at 9. Additionally, Mr. Torres further referenced the § 5K1.1 motion in his allocution, and acknowledged the cocaine allegations contained in the PSR, while representing to the court that Petitioner was "terrified to be in the cocaine business." *Id*. at 10-13.  This allocution suggests that Mr. Torres and Petitioner did not necessarily agree with the relevant conduct inclusion, but were withdrawing their objections anyway due to the possibility of a net benefit in sentencing.

The discussions of the downward departure Petitioner received pursuant to § 5K1.1 coupled, with the fact that Mr. Torres still tried to inform the Court that petitioner was afraid of trafficking cocaine, indicates that Mr. Torres strategically withdrew his objections to the PSR hoping that the Court would grant the Government's motion.  Had Mr. Torres not withdrawn those objections, it is possible that the Government would have withdrawn its § 5K1.1 motion.  It is also possible that had Mr. Torres not withdrawn the PSR objections the Court would have denied the 5K1.1 motion, under the "truthfulness, completeness, and reliability" factor of §5K1.1(a)(2).  Therefore, Mr. Torres' strategic decision to withdraw the PSR objections did not permeate the proceedings with unfairness, per the standard outlined in *Richards*, 566 F.3d 553, and *Pape*, 645 F.3d 281.  To the contrary, the decision likely afforded Petitioner a much lower Base Offense Level than he would have received had Mr. Torres persisted in his objections. Because Petitioner likely received a lower sentence due to Mr. Torres' actions, he has failed to show deficiency or prejudice as required by the two prong test outlined in *Strickland*. *Strickland*, 466 U.S. at 687.

Finally, Mr. Torres' affidavit indicates that another reason he withdrew the objection was that Petitioner desired to receive a possible reduction in sentence pursuant to Rule 35 of the Federal Rules of Criminal Procedure at a future date. Resp't Exhibit 1.  Much like the decision to withdraw the objections to the PSR for a possible § 5K1.1 downward departure, the decision to

withdraw the PSR objections for a possible Rule 35 Sentence Reduction can hardly be said to permeate the proceedings with unfairness per *Richards*, 566 F.3d 533.

Courts have considered similar decisions at sentencing to be sound trial decisions. In *United States v. Jones*, 2014 U.S. Dist. LEXIS 90925 (M.D. La. June 6, 2014), the Petitioner claimed that his attorney was ineffective because he withdrew objections to the PSR dealing with relevant conduct pertaining to Petitioner's trafficking of crack cocaine without consulting Petitioner. *Jones*, 2014 U.S. LEXIS 90925 at *3. At a hearing Petitioner testified that he believed if his attorney had not withdrawn the objections Petitioner would have been afforded a lower sentence because the "crack was not attributable to him." *Id* at 4-5. In its analysis, however, the Court stated, 1) that the Petitioner was aware that the objections might be tactically withdrawn, and 2) that even if Petitioner had been unaware that his defense attorney might withdraw the objections, the record indicated that petitioner acquiesced to the withdrawal. *Id*. at 20-21. Similarly, in this case, Mr. Torres' affidavit and the sentencing record show that, 1) Petitioner was aware that Mr. Torres intended to withdraw the objections for tactical reasons, and, 2) even if Defendant did not agree with the withdrawal, the decision was based on informed strategy related to sentencing. Resp't Ex. 1; *See* Sent. Tr.

Essentially, Mr. Torres' decision to withdraw the objections was a sound and reasonable decision based on trial strategy in hopes that Petitioner would receive a downward departure in sentencing pursuant to USSG § 5K1.1, and in hopes that Petitioner would receive a reduction in sentence under Rule 35 of the Federal Rules of Criminal Procedure. Petitioner has failed to show that Mr. Torres' performance was *deficient*, much less *prejudicial*, per the two prong test outlined in *Strickland*, 466 U.S. at 687, and the Court should deny Petitioner's motion without a hearing.

> 3. *Petitioner has failed to show that there was a reasonable probability that his sentence would have been lower.*

Petitioner alleges that had Mr. Torres not withdrawn his objections to the PSR, he would have received a lower sentence. Petr's Brief at 2-3. Specifically, Petitioner states that had Mr. Torres not withdrawn the PSR objections, Petitioner's Base Offense Level would have been 36, and after the adjustments applied by the Court, Petitioner's Adjusted Offense Level would have been 35, affording him a guideline range of 168-210 months under the 2011 United States Sentencing Guidelines. *Id*. at 3. This contention is without merit, and petitioner has failed to show that there was a reasonable probability that his sentence would have been lower had Mr. Torres not withdrawn his objections to the PSR.

When ineffectiveness claims relate to counsel's performance at sentencing, *Strickland's* deficiency prong is met when counsel fails to "research facts and law and raise meritorious arguments based on controlling precedent." *United States v. Fields*, 565 F.3d 290, 296 (5th Cir. 2009 (citing *United States v. Conley*, 349 F.3d 837, 841 (5th Cir. 2003)). Further, to meet *Strickland's* "prejudice" prong, a petitioner must show there was a reasonable probability that, if not for his attorney's actions, he would have received a significantly lower sentence. *United States v. Grammas*, 376 F.3d 433, 439 (5th Cir. 1999). In this case, the Defendant has failed to make either showing in his petition.

With regard to the first prong, the record indicates that Mr. Torres had a solid grasp of the law and facts in Petitioner's case and did not fail to present the law or facts to the Court. As previously discussed, Mr. Torres withdrew his objections to the PSR in hopes of Petitioner receiving a downward departure and reduced sentence, pursuant to the U.S.S.G. and the Federal Rules of Criminal Procedure. *See* Sent. Tr. at 10. Additionally, in his affidavit, Mr. Torres states that he withdrew the objections to the PSR based on prior statements made by Petitioner that

support the drug quantity calculations.  Resp't Exhibit 1.  A defense counsel's failure to make a frivolous objection does not render a defense attorney's performance below an objective standard of reasonableness. *United States v. Preston*, 209 F.3d 783, 785 (5th Cir. 2000).  Here, Mr. Torres' affidavit indicates that after discussing the issues with his client, he had reason to believe that the Court would overrule his objections to the PSR, and he strategically withdrew his objection based on sound legal reasoning.  It was Mr. Torres' grasp of the facts and law that warranted the withdrawal of the objections, and not the inverse as Petitioner alleges.

With regard to the second prong, Petitioner alleges that had Mr. Torres not withdrawn his objections to the PSR, Petitioner would have been afforded the opportunity to present evidence that he "had no involvement in the cocaine business."  Petr's Brief at 2.  In support of this proposition, Petitioner provided the Court with the affidavits of two individuals, to-wit: Xavier Cisneros and Michael Ballesteros. *Id*. at 5, 7, *Affidavit* of Xavier Cisneros, December 19, 2014 and *Affidavit* of Michael R. Ballesteros, December 14, 2014.  In sum, Mr. Cisneros and Mr. Ballesteros state that they had no knowledge of Petitioner ever being involved in the trafficking of cocaine during the time period in which Petitioner was trafficking marijuana. *Id*. at 5, 7. These two affidavits are not enough to show that there is a reasonable probability that Petitioner would have received a substantially lower sentence as required under the law.  *See Grammas*, 376 F.3d 433.

"Generally, a PSR 'bears sufficient indicia of reliability to be considered as evidence by the sentencing judge in making factual determinations.'"  *United States v. Harris*, 703 F.3d 226, 230 (5th Cir. 2012) (citing *United States v. Nava*, 624 F.3d 226, 231 (5th Cir. 2010)).  "A district court, therefore, 'may adopt the facts contained in a [PSR] without further inquiry if those facts have an adequate evidentiary basis with sufficient indicia of reliability and the defendant does not present rebuttal evidence or otherwise demonstrate that the information in the PSR is unreliable.'" *Id*. (citing

*United States v. Trujillo,* 502 F3d. 353, 357 (5th Cir. 2007)).  As previously discussed, the Court asked Petitioner if he had sufficient time to review the PSR with his attorney, and the Court afforded Petitioner the opportunity to object to the PSR, not only once, but twice, and Petitioner failed to do so. Sent. Tr. at 5, 15.  Further, even if Petitioner had objected to the PSR and presented the two witnesses cited in his brief, those statements alone would likely not have been enough of a showing to overcome the indicia of reliability inherent in the PSR under *Harris* because the PSR cites its reasoning for determining Petitioner's involvement in the trafficking of cocaine (interviews with confidential informants) Pre-Sent. Report at 9-12, Docket Entry 134, *Menchaca,* DR-11-CR-217(1), 9-12 (W.D.Tex 2011).  Moreover, the two Affidavits Petitioner provided in his brief are dated over a year after Petitioner's sentencing date. Petr's Brief at 5, 7.  Petitioner has not provided any evidence that Mr. Ballesteros or Mr. Cisneros would have been available as witnesses for the December 13, 2013 sentencing hearing if Petitioner had persisted in his objections to the PSR. *See* Petr.'s Brief in Support.  Accordingly, Petitioner has failed to show that there is a reasonable probability that his sentence would have been significantly lower under *Grammas*, and was not prejudiced as required by *Strickland*.

It is also worth noting that Petitioner's rationale for believing that he would have been sentenced to a shorter term of confinement if not for Mr. Torres' withdrawal of the objections to the PSR suffers from the *post hoc* argumentative fallacy, and Petitioner effectively puts the proverbial "cart before the horse" in his analysis.  Petitioner claims that when you remove the relevant conduct paragraphs detailing his cocaine trafficking, his Base Offense Level would be 36. Petr's. Brief at 3. In his brief, Petitioner claims that the Adjusted Offense Level should have been 35 based on an increase of 2 and 4 for "Stash House" and "Leadership" adjustments, respectively, followed by a decrease of 3 and 4 for Acceptance of Responsibility and Substantial Assistance, respectively. *Id*.

Assuming *arguendo,* that Petitioner's Base Offense Level should have been calculated at 36,

Petitioner fails to account for the main reason Mr. Torres likely withdrew his objection to the PSR, namely, the Government's § 5K1.1 motion, and Petitioner assumes he would have received the downward departure after persisting in his objections. If Mr. Torres had insisted on his objections to the PSR and the Government had subsequently withdrawn the § 5K1.1 motion, or if the Court denied the motion, Petitioner could have been assessed an Adjusted Offense Level of 39 with a sentencing guideline range of 262-327 months, which starts his guideline range 52 months higher than the guideline range the Court assessed. U.S.S.G. § 2D1.1 (2011).

So, not only has Petitioner failed to show that there is a reasonable likelihood that his sentence would have been significantly lower if Mr. Torres had not withdrawn the pre-sentence objections, had Mr. Torres not strategically withdrawn the objections, it is very much within the realm of possibility that Petitioner's sentence would have been significantly *higher*. As such, Petitioner has not shown that Mr. Torres' performance was deficient, nor has he shown Mr. Torres' performance was prejudicial under the two prong test of *Strickland*, and the Court should deny Petitioner's motion without a hearing.

## IV. CONCLUSION

Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence is not bolstered by any evidence in the record of this case and can be denied on the pleadings and record alone. Therefore, an evidentiary hearing is not necessary. *See United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992) (a § 2255 motion may be denied without an evidentiary hearing "if Motion, files, and records of the case conclusively show that the prisoner is entitled to no relief."). The allegations in Petitioner's Motion are without merit, and the United States respectfully requests this Court to deny the Motion in all respects.

Respectfully Submitted,

RICHARD L. DURBIN, JR.
United States Attorney

By: ____/s/_____
Shane Chriesman
Assistant United States Attorney
Western District of Texas
Del Rio Division
111 E. Broadway, Suite 300
Del Rio, TX 78840

### **CERTIFICATE OF SERVICE**

This is to certify that on this the 2nd day of November, 2015, a true and correct copy of the forgoing Government's Response to Petitioner's Motion to Set Aside, or Correct Sentence was sent via certified mail, return receipt requested, to: Rolando Menchaca, Register Number 87199-280, FCI Beaumont Low, Federal Correctional Institution, P.O. Box 26020, Beaumont, TX 77720.

Respectfully Submitted,

RICHARD L. DURBIN, JR.
United States Attorney

By: ____/s/_____
Shane Chriesman
Assistant United States Attorney

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | | |
|---|---|---|
| ROLANDO MENCHACA, | * | |
| Petitioner, | * | |
| | * | |
| v. | * | Civil No. DR-15-CV-10-AM |
| | * | Criminal No. DR-11-CR-2197-AM |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

### **ORDER**

Came on to be considered Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a person in Federal Custody, and after careful consideration, it is determined by the Court that Defendant's motion should be in all things DENIED.

It is so ORDERED, SIGNED, and ENTERED this the _____ day of _____,
20_____.

_____
ALIA MOSES
UNITED STATES DISTRICT JUDGE